# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RAMIREZ,<br><br>    Plaintiff,<br><br>v.<br><br>S. FRAUENHEIM, et al.,<br><br>    Defendants. | Case No. 1:15-cv-01931-BAM-PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Currently before the Court is Plaintiff's complaint filed on December 30, 2015.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on February 25, 2016. (ECF No. 8.)

1  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
2  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell
3  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken
4  as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores,
5  Inc., 572 F.3d 677, 681 (9th Cir. 2009)(internal quotation marks and citations omitted).

6        Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
7  liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338,
8  342 (9th Cir. 2010)(citations omitted).  To survive screening, Plaintiff's claims must be facially
9  plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each
10 named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S.
11 Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has
12 acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
13 liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572
14 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

17       Plaintiff, an inmate in the custody of the California Department of Corrections and
18 Rehabilitation (CDCR) at Pleasant Valley State Prison (PVSP), brings this lawsuit against
19 defendant correctional officials employed by the CDCR at PVSP.  Plaintiff names the following
20 individual Defendants: Warden S. Frauenheim; Dental Authorization Review Committee (DAR);
21 Dental Program Health Care Review Committee (DPHRC).  Plaintiff's claim stems from his
22 dental treatment.

23       On June 2, 2012, Plaintiff was housed at Kern Valley State Prison.  Plaintiff requested
24 dental treatment because he was experiencing pain around his temple whenever he ate.  Plaintiff
25 was seen by a dentist, who suggested that Plaintiff may be grinding his teeth, and issued Plaintiff
26 a mouth guard.  Plaintiff explained that he was not grinding his teeth, and asked to be seen by
27 specialist.  Plaintiff alleges that the DAR approved an appointment with a specialist.  On
28 November 29, 2012, Plaintiff was seen by a specialist, Dr. McQuirter, who recommended

1  surgery in combination with orthodontics.

2  Plaintiff was subsequently transferred to Pleasant Valley State Prison.  The DAR at Pleasant Valley "denied the recommendation by the specialist." (ECF No. 1 at 4.)  Plaintiff continued to inform officials of the pain and headaches.  Plaintiff alleges that on June 17, 2015, he was seen by another specialist "on accident." (Id.)  The specialist, Dr. Norris, diagnosed Plaintiff with a malocclusion (severe underbite), and recommended treatment similar to that prescribed by Dr. McQuirter.  The DAR and DPHRC denied the proposed treatment plan.  On August 10, 2015, Plaintiff filed an institutional appeal.  Plaintiff's appeal was bypassed to the second level, and was "partially granted a wait time pending committee decision, eventually denied treatment plan." (Id. at 5.)  Plaintiff's appeal was ultimately denied at the third level on the ground that the treatment he sought was "excluded and not under policy guidelines."  (Id.) Because the treatment was not "curative," it was denied.  Plaintiff contends that because it causes chronic pain, it is covered under policy and procedure.  Plaintiff filed another appeal, complaining that he is in pain every time he eats and that no treatment is available.  This appeal was ultimately denied at the third level on the ground that the treatment sought by Plaintiff was not covered under applicable CDCR policy.

## III.

## DISCUSSION

### A.    Civil Rights Act

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 943 (9th Cir. 2002).  To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Aschfroft v. Iqbal, 556 U.S. 662, 673 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Plaintiff names as the sole individual Defendant in this action Warden Frauenheim.

3

Liability may not be imposed on supervisory personnel for the acts or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 672-673; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934. Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 625 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

The only other Defendants are the two committees that rejected Plaintiff's request. Plaintiff may not allege conduct by a committee or group of defendants, and hold that group of defendants liable. Plaintiff must allege conduct as to each individual Defendant. Plaintiff is also advised that the Court cannot order service of process on unidentified defendants. Plaintiff must identify each defendant, and must state the acts or omissions of each individual defendant that caused the constitutional violation alleged. Plaintiff's allegations must contain sufficient factual detail to state a plausible claim that the individual defendant personally participated in the violation of Plaintiff's rights. Plaintiff's general conclusory allegations fail to state any cognizable claims for relief. In the paragraph that follows, the Court will provide Plaintiff with the legal standards that apply to his claim.

**B.   Eighth Amendment**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference

is shown by "(a) purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted) Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 ((9th Cir. 1989)), overruled in part on other grounds, Peralta, 744 F.3d at 1082-83; Wilhelm, 680 F.3d at 122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332 (internal quotation marks omitted).

In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff has failed to do so here. The complaint must therefore be dismissed. Plaintiff will, however, be granted leave to file an amended complaint.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

1 each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed December 30, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint or a notice of voluntary dismissal; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated:   **May 24, 2016**          /s/ *Barbara A. McAuliffe*          
                                   UNITED STATES MAGISTRATE JUDGE