# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RAMIREZ,<br><br>        Plaintiff,<br><br>    v.<br><br>S. FRAUENHEIM, et al.,<br><br>        Defendants. | Case No. 1:15-cv-01931-BAM-PC<br><br>ORDER DISMISSING THIS ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED AND THAT THIS ACTION COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Currently before the Court is Plaintiff's June 9, 2016, first amended complaint, filed in response to the May 24, 2016, order, dismissing the original complaint for failure to state a claim for relief and granting Plaintiff leave to file an amended complaint. (ECF No. 9.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on February 25, 2016. (ECF No. 8.)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)(internal quotation marks and citations omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Pleasant Valley State Prison (PVSP), brings this lawsuit against Defendant correctional officials employed by the CDCR at PVSP. Plaintiff names the following individual Defendants: Warden S. Frauenheim; Chief Dentist, Dental Authorization Review Committee (DAR); Chief Dentist, Policy and Risk Management, Dental Program Health Care Review Committee (DPHRC), and three John Doe dentists. Plaintiff's claim stems from his dental treatment.

On June 2, 2012, Plaintiff was housed at Kern Valley State Prison. Plaintiff requested dental treatment because he was experiencing pain around his temple whenever he ate. Plaintiff was seen by a dentist, who suggested that Plaintiff may be grinding his teeth, and issued Plaintiff

a mouth guard.  Plaintiff explained that he was not grinding his teeth, and asked to be seen by specialist.  Plaintiff alleges that the DAR approved an appointment with a specialist.  On November 29, 2012, Plaintiff was seen by a specialist, Dr. McQuirter, who recommended surgery in combination with orthodontics.

Plaintiff was subsequently transferred to Pleasant Valley State Prison.  The DAR at Pleasant Valley denied the recommendation by the specialist.  Plaintiff continued to inform officials of the pain and headaches.  Plaintiff alleges that on June 17, 2015, he was seen by another specialist "on accident." (ECF No. 10, p. 4.)  The specialist, Dr. Norris, diagnosed Plaintiff with a malocclusion (severe underbite), and recommended treatment similar to that prescribed by Dr. McQuirter.  The DAR and DPHRC denied the proposed treatment plan.  On August 10, 2015, Plaintiff filed an institutional appeal.  Plaintiff's appeal was bypassed to the second level, and was denied at the third and final level on the ground that the treatment was not covered "under policy and procedure." (Id. p. 6.)

## III.

## DISCUSSION

### A.   Eighth Amendment

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than

ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted) Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference."  Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 ((9th Cir. 1989)), overruled in part on other grounds, Peralta, 744 F.3d at 1082-83; Wilhelm, 680 F.3d at 122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health."  Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332 (internal quotation marks omitted).

Here, Plaintiff alleges at most a disagreement with the conclusions of the Dental Authorization Review Committee, and the Dental Program Health Care Review Committee.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.  Plaintiff must allege facts indicating that the individual defendants were aware of an objectively serious medical or dental condition, and acted with deliberate indifference to that condition.  Plaintiff has failed to do so here.  The facts alleged indicate that, in the view of the medical professionals, Plaintiff's condition did not merit the treatment that Plaintiff sought.  Plaintiff's subjective belief that he should be afforded the treatment that he sought does not subject Defendants to liability.  In the May 24, 2016, order dismissing the original complaint, Plaintiff was advised that he must allege facts that "show that the course of treatment the doctors chose was medically unacceptable under the circumstances and the defendants chose this course in conscious disregard of an excessive risk to [his] health."  Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332 (internal quotation marks omitted). (ECF No. 9 at 5:11-13.)  Plaintiff has failed to do so here.  Plaintiff's Eighth Amendment deliberate indifference claim should therefore be dismissed for failure to state a claim upon which relief may be granted.

**B.     Supervisory Liability**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 943 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Aschfroft v. Iqbal, 556 U.S. 662, 673 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

The only identified Defendants in this action are the Warden and Chief Dentists. Liability may not be imposed on supervisory personnel for the acts or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 672-673; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934. Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 625 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

The only other Defendants are the two committees that rejected Plaintiff's request. Plaintiff may not allege conduct by a committee or group of defendants, and hold that group of defendants liable. Plaintiff must allege conduct as to each individual Defendant. Plaintiff is also advised that the Court cannot order service of process on unidentified defendants. Plaintiff must identify each defendant, and must state the acts or omissions of each individual defendant that caused the constitutional violation alleged. Plaintiff's allegations must contain sufficient factual detail to state a plausible claim that the individual defendant personally participated in the violation of Plaintiff's rights. Plaintiff's general conclusory allegations fail to state any cognizable claims for relief.

5

## IV.

## CONCLUSION AND ORDER

Plaintiff was previously notified of the applicable legal standard and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's June 9, 2016, first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")   Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for failure to state a claim upon which relief could be granted;
2. This action counts as a strike pursuant to 28 U.S.C. § 1915(g); and
3. The Clerk's Office is directed to close this case.

IT IS SO ORDERED.

Dated:   **October 11, 2016**        /s/ Barbara A. McAuliffe       
                                 UNITED STATES MAGISTRATE JUDGE